Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: AARON BELLAMY, JR., | Case No.: 16-12264 VFP |
| | Judge: VINCENT F. PAPALIA |
| Debtor(s) | |

## Chapter 13 Plan and Motions

☐ Original     ☒ Modified/Notice Required     Date: NOVEMBER 17, 2017

☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __HR_____     Initial Debtor: _____AB____     Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $**__ per __MONTH__ to the Chapter 13 Trustee, starting on    MARCH  OF 2016_____ for approximately __SIXTY  (60)__ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☒  Sale of real property

Description:  Vacant land adjoining real property located at 1335 Longbranch Rd., Grover, North Carolina.  If mortgage held by Visio Financial Services, Inc. and/or Clear Spring Financial Services, encumbers this property, it is to be paid off at closing, along with other expenses associated with the property, such as, but not limited to real estate taxes and/or water and sewer charges.  Sale proceeds to be used to payoff pre-petition arrears due to Visio/Clearspring and then to be used to fund other plan obligations.

Proposed date for completion: ___APRIL 30, 2018__

☐   Refinance of real property:
Description:
Proposed date for completion: _____

☒   Loan modification with respect to mortgage encumbering property:
Description: 19 Lindwood Place, East Orange, New Jersey.   Trustee is to pay Wells Fargo's pre-petition arrearage claim regarding this property.
Proposed date for completion: April 30, 2018.

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☒ Other information that may be important relating to the payment and length of plan:
** i. $4,750 paid in to date through November of 2017 (over twenty-one (21) months);
   ii. $300 per month, starting in December of 2017, for a period of thirty-nine (39) months

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:  Priority Claims (Including Administrative Expenses)**

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $2,382 (ORIGINAL COUNSEL FEE AND/OR BALANCE OF ORIGINAL COUNSEL FEE PLUS SUPPLEMENTAL COUNSEL FEES) |
| DOMESTIC SUPPORT OBLIGATION | | |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: |  |  |
|---|---|---|---|

### Part 4:  Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| WELLS FARGO HOME MORTGAGE | MORTGAGE ARREARS PERTAINING TO REAL PROPERTY LOCATED AT 19 LINWOOD PLACE, EAST ORANGE, NEW JERSEY | $7,200. TRUSTEE IS TO MAKE PAYMENT ON MORTGAGE ARREARAGE CLAIM PENDING LOAN MODIFICATION. | N/A | $7,200. TRUSTEE IS TO MAKE PAYMENT ON MORTGAGE ARREARAGE CLAIM PENDING LOAN MODIFICATION. | CONTINUED PAYMENTS BY THE DEBTOR, DIRECTLY TO WELLS FARGO AND DEBTOR TO PURUSE LOAN MODIFICATION. |
| CUMBERLAND COUNTY TAX COLLECTOR | REAL ESTATE TAX ARREARAGE PERTAINING TO PROPERTY LOCATED AT LONBRANCH RD., GROVER, NC | $546.61 | N/A | $546.61 | CONTINUED PAYMENTS BY THE DEBTOR DIRECTLY TO CUMBERLAND COUNTY TAX COLLECTOR |

**b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☒ NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c.  Secured claims excluded from 11 U.S.C. 506:  ☒ NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☒ NONE**

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender  ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

### f. Secured Claims Unaffected by the Plan ☒ NONE

The following secured claims are unaffected by the Plan:

### g. Secured Claims to be Paid in Full Through the Plan:  ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than __100_ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

| | | | |
|---|---|---|---|
| | | | |

| Part 6: | Executory Contracts and Unexpired Leases ☒ NONE | | | |
|---|---|---|---|---|
| (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.) | | | | |
| All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed: | | | | |
| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
| | | | | |

| Part 7: | Motions ☒ NONE |
|---|---|

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

|   |   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |   |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|   |   |   |   |   |   |

**Part 8:    Other Plan Provisions**

### a. Vesting of Property of the Estate

☒ Upon confirmation

☐ Upon discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions, Counsel Fees and Supplemental Counsel Fees
2) Secured Claims
3) Priority Claims
4) Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:  Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____MAY 19, 2017_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| THE TIME PERIOD TO SELL REAL ESTATE LOCATED IN GROVER, NORTH CAROLINA HAS EXPIRED. | THE PLAN EXTENDS THE TIME TO SELL THE GROVER, NORTH CAROLINA PROPERTY AND/OR THE VACANT LAND LOCATED ADJACENT TO THE REALTY IN GROVER, NORTH CAROLINA.  THE PROCEEDS FROM THE SALE OF THIS PROPERTY TO BE USED TO PAY THE PRE-PETITION ARREARAGE RELATING TO THE REAL ESTATE AND/OR TO BE PAID INTO THE PLAN. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: NOVEMBER 17, 2017           /S/ HERBERT B. RAYMOND, ESQ.
                                  Attorney for the Debtor


Date: NOVEMER 17, 2017 _____      /S/ AARON BELLAMY, JR._____
                                            Debtor


Date: _____           /S/ _____
                                Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: NOVEMBER 17, 2017 _____  /S/ HERBERT B. RAYMOND, ESQ._____
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: NOVEMBER 17, 2017 _____  /S/ AARON BELLAMY, JR._____
Debtor

Date:            _____  _____
Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:  
Aaron Bellamy, Jr.  
    Debtor

Case No. 16-12264-VFP  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2     Date Rcvd: Nov 20, 2017  
                   Form ID: pdf901     Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 22, 2017.

```
db           +Aaron Bellamy, Jr.,    19 Linwood Place,    East Orange, NJ 07017-1718
aty          +STANZIALE & STANZIALE, P.C.,,    29 Northfield Avenue,    Suite 201,    West Orange, NJ 07052-5358
r             Denise Wright,    Coldwell Banker Mountain View,    303 S. Battleground Avenue,
               Kings Mountain, NC 28086-3601
cr           +U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER,    Phelan Hallinan & Schmieg, PC,
               400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
516258834     American InfoSource LP as agent for,    DIRECTV, LLC,    PO Box 5008,
               Carol Stream, IL 60197-5008
515988600     Auto Insurance Surcharge,    PO Box 4775,    Trenton, NJ 08650-4775
515988598     Auto Insurance Surcharge,    PO Box 4850,    Trenton, NJ 08650-4850
515988599     Auto Insurance Surcharge,    NJ MVS,    PO Box 016,    Trenton, NJ 08666-0166
516026173    +Bank of America N.A.,    P O Box 982284,    El Paso, TX 79998-2284
515988601    +Cleveland County,    Tax Collector,    311 E. Marion Street,    Shelby, NC 28150-4611
516014037    +Cleveland County Tax Collector,    PO Box 370,    Shelby, NC 28151-0370
515988603    +Mbank,    8180 East Kaiser Blvd.,    Anaheim Hills, CA 92808-2277
515988602    +Mbank,    17898 SW McEwan Rd., Ste. 200,    Tigard, OR 97224-7217
516182746    +NJSVS, Surcharge Violation System Office,    NJSVS, Bankruptcy Unit,    PO Box 4850,
               Trenton, NJ 08650-4850
515988607    +Verizon,    PO Box 4830,    Trenton, NJ 08650-4830
515988606    +Verizon,    500 Technology Dr., Ste 30,    Weldon Spring, MO 63304-2225
515988608    +Visio Financial Services,    Attn: Rogers, Townsend & Thomas, PC,    Substitute Trustee,
               2550 West Tyvola Rd., Ste. 520,    Charlotte, NC 28217-4551
516456910    +Wells Fargo Home Mortgage,    5024 Parkway Plaza Blvd.,    Charlotte, NC 28217-1962
516456911    +Wells Fargo Home Mortgage,    3476 Stateview Blvd.,    Fort Mill, SC 29715-7203
516456909     Wells Fargo Home Mortgage,    4080 Hallmark Parkway,    San Bernardino, CA 92407
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg           E-mail/Text: usanj.njbankr@usdoj.gov Nov 20 2017 23:41:25    U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 20 2017 23:41:22    United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
516187473     E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 20 2017 23:41:39    Jefferson Capital Systems LLC,
               Po Box 7999,    Saint Cloud Mn 56302-9617
517054850    +E-mail/Text: ECMBKMail@Caliberhomeloans.com Nov 20 2017 23:42:19    U.S. Bank Trust, N.A.,
               c/o Caliber Home Loans, Inc.,    13801 Wireless Way,    Oklahoma City, OK 73134,
               U.S. Bank Trust, N.A.,    c/o Caliber Home Loans, Inc. 73134-2500
517054849    +E-mail/Text: ECMBKMail@Caliberhomeloans.com Nov 20 2017 23:42:19    U.S. Bank Trust, N.A.,
               c/o Caliber Home Loans, Inc.,    13801 Wireless Way,    Oklahoma City, OK 73134-2500
                                                                                              TOTAL: 5
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
515988605    ##+Rogers, Townsend & Thomas, PC,    220 Executive Center Drive,    Columbia, SC 29210-8421
515988604    ##+Rogers, Townsend & Thomas, PC,    2550 West Tyvola Rd., Ste. 250,    Charlotte, NC 28217-4551
                                                                                 TOTALS: 0, * 0, ## 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2017                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0312-2          User: admin              Page 2 of 2              Date Rcvd: Nov 20, 2017
                              Form ID: pdf901          Total Noticed: 25
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 17, 2017 at the address(es) listed below:
           Denise E. Carlon    on behalf of Creditor   VFS Lending JV II, LLC dcarlon@kmllawgroup.com,
            bkgroup@kmllawgroup.com
           Herbert B. Raymond    on behalf of Debtor Aaron  Bellamy, Jr. bankruptcy123@comcast.net,
            jeff.raymond@comcast.net;raymondmail@comcast.net;carol-raymond@comcast.net;bankruptcyattorneys@co
            mcast.net;herbertraymond@gmail.com;carbonell_c@hotmail.com;kdelyon.raymond@gmail.com
           Marie-Ann  Greenberg    magecf@magtrustee.com
           Nicholas V. Rogers    on behalf of Creditor   U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER
            PARTICIPATION TRUST nj.bkecf@fedphe.com
                                                                                                    TOTAL: 4